UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH R. WRIGHT,

                Petitioner,                  Case No. 5:16-cv-12168
                                                             Hon. John Corbett O'Meara

v.

JEFFREY WOODS,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas corpus action pursuant to 28 U.S.C. § 2254 brought by a prisoner incarcerated at a Michigan correctional facility. Petitioner is serving a term of 39 to 99 years' imprisonment resulting from his Oakland Circuit Court conviction of delivery of a controlled substance causing death. MICH. COMP. LAWS § 750.317(a). The petition raises a single claim: the prosecution failed to prove beyond a reasonable doubt that the heroin supplied by Petitioner was the but-for cause of the victim's death as required by *Burrage v. United States*, 134 S.Ct. 881 (2014). The petition will be denied because Petitioner's claim is without merit. The Court will also deny Petitioner a certificate of appealability and deny him permission to proceed on appeal in forma pauperis.

I. Background

Evidence was presented at Petitioner's trial that he sold heroin and cocaine to a prostitute, Wendy Delozier, on the afternoon of February 23, 2010. Delozier then went to a motel with another prostitute, Starr Thompson, where they met up with two men, Robert Gotshaw and Robert Wilcox. Thompson injected some of the heroin into Wilcox, and Wilcox

immediately fell to the ground unconscious. Thompson unsuccessfully tried to revive Wilcox by blowing crack-cocaine smoke in his face and splashing water onto him.

Wilcox was then placed in the backseat of Gotshaw's car, and Gotshaw and Delozier drove to Wilcox's trailer. Thompson remained behind at the motel. Gotshaw and Delozier went inside the trailer and used heroin. They left Wilcox outside in the car. Delozier checked on Wilcox a few times, but he never regained consciousness. Gotshaw finally called 9-1-1 sometime after 11:00 p.m.

When paramedics arrived at 11:52 pm, Wilcox had no vital signs. The medical examiner arrived soon thereafter and pronounced the victim dead. The victim's body temperature was 40 degrees, and the outside air temperature was 21 degrees. After an autopsy, the cause of death was determined to be drug abuse. Toxicology analysis revealed a potentially lethal dose of morphine in the victim's blood.[1] Based on this evidence, the jury found Petitioner guilty of delivery of a controlled substance causing death.

Following his conviction and sentence, Petitioner filed an appeal of right. His appellate attorney filed a brief on appeal raising four claims not presented in the current action. Petitioner also filed a pro se supplemental brief that raised an additional five claims, including a challenge to the sufficiency of the evidence that Petitioner's actions caused the victim's death. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Wright*, No. 308765, 2013 WL 6692747 (Mich Ct App Dec 19, 2013).

Petitioner appealed to the Michigan Supreme Court, but his application for leave to

---

[1] The medical examiner explained that heroin quickly breaks down into morphine once injected into the human body.

appeal was denied by standard order. *People v. Wright*, 846 N.W.2d 567 (Mich. 2014) (table). Petitioner filed a motion for reconsideration, citing *Burrage* as providing additional support for his sufficiency-of-the-evidence claim. The motion was denied, but the court stated that the denial of relief was "without prejudice to the defendant seeking relief under MCR Subchapter 6.500 based on *Burrage*." *People v. Wright*, 854 N.W.2d 728 (Mich. 2014) (table).

Petitioner then filed a motion for relief from judgment in the trial court renewing his sufficiency-of-the-evidence claim in light of the Michigan Supreme Court's order. The trial court denied the motion for failure to show a retroactive change in the law applicable to his case and for his failure to show actual prejudice. See Dkt. 8-10, at 8-16.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, but it was denied on the same grounds. *People v. Wright*, No. 327181 (Mich. Ct. App. June 15, 2015). Petitioner appealed in the Michigan Supreme Court, but his application for leave to appeal was denied by form order. *People v. Wright*, 878 N.W.2d 837 (Mich. 2016) (table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a

set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (internal quotation omitted).

### III. Discussion

Petitioner claims that the prosecution failed to present sufficient evidence to prove beyond a reasonable doubt that his delivery of the heroin to Delozier caused the victim's death. Petitioner points to evidence that the victim had underlying health conditions, he had other drugs and alcohol in his system, and he was left outside in a car in freezing temperatures for hours while he was unconscious. Petitioner relies on *Burrage* as imposing

a but-for causation standard as a matter of equal protection and due process that was unreasonably applied by the state courts.

A "daunting, doubly deferential standard of review" applies to a sufficiency-of-the-evidence inquiry on habeas review. *Keys v. Booker*, 798 F.3d 442, 450 (6th Cir. 2015). First, a reviewing "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Second, even if the reviewing court concludes that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, it "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

The Michigan Court of Appeals rejected Petitioner's claim on direct appeal as follows:

> An essential element of MCL 750.317a is that death is caused by the delivered scheduled 1 or 2 controlled substance consumed. Defendant argues that the prosecution failed to establish beyond a reasonable doubt that Wilcox died from consuming the heroin that he allegedly sold to a third-party. However, the testimony of the eyewitnesses was consistent that, after Wilcox was injected with the heroin purchased from defendant, Wilcox immediately fell to the ground and could not be revived. The deputy medical examiner testified that the cause of Wilcox's death was drug abuse. The deputy medical examiner, as well as a forensic toxicologist, testified that the level of morphine found in Wilcox's blood, which is a component of heroin, was sufficient to cause Wilcox's death. Considering the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude beyond a reasonable doubt that the heroin defendant delivered caused the death of Wilcox. See *Parker*, 288 Mich App at 504. Thus, the trial court properly denied defendant's motion for directed verdict.

*Wright*, No. 308765, at *8.

On collateral review, the state courts found that *Burrage* did not warrant a different

5

result. The Michigan Court of Appeals, which rendered the last reasoned opinion, found that Petitioner "failed to establish that a retroactive change in the law undermines the prior decision . . . [and] the defendant has also failed to establish actual prejudice form the irregularities alleged." Dkt. 8-13, at 1.

The state court adjudication of Petitioner's sufficiency-of-the-evidence claim did not constitute an unreasonable application of clearly established Supreme Court law. Petitioner points to testimony that the victim suffered from underlying medical conditions and that he had a blood-alcohol level twice the legal limit. He also notes that the victim was left for hours outside in a car on a freezing night. Nevertheless, the jury was free to accept as true the medical examiner and forensic toxicologist's testimony that the victim had a lethal level of morphine in his body, and that it was sufficient to cause his death. Certainly, in light of the prosecution experts' testimony the decision of the state court was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (internal quotation omitted).

Petitioner relies on the Supreme Court's decision in *Burrage* to support his contention that he did not cause the victim's death. That case is inapposite. The facts in *Burrage* indicate that a drug addict named Joshua Banka died after an extended drug binge which included the use of heroin purchased from Burrage. Burrage was convicted of distributing heroin to Banka the day before Banka died even though two medical experts testified at trial that they could not say whether Banka would have lived if he had not taken the heroin. The trial court sentenced Burrage to a mandatory minimum sentence of twenty years in prison under 21 U.S.C. § 841(b)(1)(C).

The Supreme Court ruled that the penalty provision of § 841(b)(1)(C) does not apply when the defendant's act or omission was merely a substantial or contributing factor in a victim's death. Rather, the defendant's conduct must have been the actual cause of the death, and because neither of the medical experts could say whether the heroin caused Banka's death, the Supreme Court reversed Burrage's conviction for distributing heroin to Banka shortly before his death. The Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 134 S. Ct. at 892.

*Burrage* has no application here. First, the Supreme Court was interpreting the penalty enhancement provision of a federal statute, not the Michigan statute underlying Petitioner's conviction. Second, unlike *Burrage*, the medical testimony here did casually link Petitioner's distribution of heroin to the victim's death. The medical examiner and toxicologist testified that the victim had a lethal level of morphine in his body (resulting from the injection of Petitioner's heroin), and the cause of death was drug abuse. Finally, the Supreme Court acknowledged in *Burrage* a possible exception to strict but-for causality "when multiple sufficient causes independently, but concurrently, produce a result." *Burrage*, 134 S. Ct. at 890. Even allowing for the victim's unrelated medical conditions, his alcohol use, and the environmental factors, his heroin overdose was at least one of multiple sufficient causes that produced his death.

In sum, a rational trier of fact could have concluded from the evidence taken in the light most favorable to the prosecution that Petitioner delivered heroin to Delozier and the

7

use of that heroin by the victim caused his death. Therefore, the evidence was sufficient to convict Petitioner of delivering a controlled substance, causing death, and the state court's rejection of Petitioner's claim was not contrary to, or an unreasonable application of clearly established Supreme Court law. The petition will therefore be denied.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not debate this Court's resolution of Petitioner's claim, and will therefore deny a certificate of appealability. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal of this decision would be frivolous.

## V. Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability, and **DENIES** permission to proceed on appeal in forma pauperis.

**SO ORDERED.**


s/John Corbett O'Meara
United States District Judge


Date: March 16, 2017

8

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 16, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager